# Order

**Michigan Supreme Court**
**Lansing, Michigan**

January 27, 2012

10/October 2011

142568

In re MAYS, Minors.

Robert P. Young, Jr.,
Chief Justice

Michael F. Cavanagh
Marilyn Kelly
Stephen J. Markman
Diane M. Hathaway
Mary Beth Kelly
Brian K. Zahra,
Justices

SC: 142568
COA: 297446
Wayne CC Family Division:
09-485821

_____/

On order of the Court, leave to appeal having been granted, and the briefs and oral arguments of the parties having been considered by the Court, we AFFIRM in part and REVERSE in part the November 23, 2010 judgment of the Court of Appeals and the March 30, 2010 order of the Wayne Circuit Court terminating respondent mother's parental rights, and REMAND this case to the Wayne Circuit Court, Family Division, for further proceedings not inconsistent with this order.

We AFFIRM that part of the Court of Appeals judgment holding that the trial court did not clearly err in finding that clear and convincing evidence was presented to support termination under at least one of the statutory grounds alleged. MCL 712A.19b(3).

We REVERSE that part of the Court of Appeals judgment holding that the trial court did not clearly err in finding that termination was in the children's best interests. MCL 712A.19b(5). The factual record in this case is inadequate to make a best interests determination. In particular, there is no evidence in the record that the trial court considered whether termination of the respondent's parental rights was appropriate given the children's placement with their maternal grandmother. *In re Mason*, 486 Mich 142, 164 (2010).

Because respondent's appeal in the Court of Appeals only questioned the trial court's findings that the statutory grounds for termination existed and that termination was in the best interests of the children, we do not reach respondent's claim of error regarding the sufficiency of the permanency planning hearing, MCL 712A.19a.

We do not retain jurisdiction.

HATHAWAY, J., concurs in the result only.

MARKMAN, J. (*dissenting*).

I respectfully dissent from the orders reversing both the Court of Appeals' and the trial court's decisions to terminate respondents' parental rights and I would vacate this Court's March 23, 2011 orders, 489 Mich 857 (2011), and deny leave to appeal. I am persuaded that the proceedings here were fair and in accordance with the law, and that the trial court exercised reasonable judgment in concluding that grounds existed for termination, and that termination was in the "best interests" of the children.

Considerable efforts were undertaken to reunify respondents with their children, although these efforts clearly failed. Respondent Mays failed to successfully complete and benefit from counseling and parenting classes, and further failed to maintain legal employment. Respondent Phillips failed to successfully complete and benefit from counseling and further failed to maintain adequate shelter or legal employment. Additionally, Phillips testified that he has never expressed any desire for the children to come live with him and that the children were better off living with their grandmother. Two review hearings were then held, with Mays choosing not to attend either hearing and Phillips attending only one. Under these circumstances, I cannot say that the trial court "clearly erred" by finding that respondents have "fail[ed] to provide proper care or custody for the child[ren] and there is no reasonable expectation that [they] will be able to provide proper care and custody within a reasonable time . . . ." MCL 712A.19b(3)(g).

I also do not believe that the trial court "clearly erred" by concluding that termination of respondents' parental rights was in the children's "best interests" because "neither parent is prepared to have the children placed in their care and neither is engaged in preparing themselves to parent the children on a full time basis." The majority does not dispute this conclusion, but asserts that the record is "inadequate to make a best interests determination." Again, I respectfully disagree. There is no specific formula, and there are no delimited factors that a court must consider when making a "best interest" determination. Rather, the trial court "may consider evidence introduced by any party," *In re Trejo Minors*, 462 Mich 341, 353 (2000), and if no "best interest" evidence is offered, the court may enter a finding "from evidence on the whole record . . . ." The record here, which included hearings, reports, and testimony, was more than sufficient, in my opinion, to allow the court to make a thoughtful and reasoned "best interest" determination. In particular, the majority faults the court for not considering the children's placement with a relative. However, the proposition that a court must *always* consider placement with a relative before termination, even after grounds for termination have been established and "best interest" findings made, lacks grounding in the law, which contains no specific factors that a court must invariably consider in deciding a termination case. Rather, what is required is a case-by-case determination in accordance

with the law, and that has occurred. While placement with a relative may in many instances constitute a relevant consideration in the "best interest" determination, the failure to consider it in a particular case does not necessarily preclude the court from determining that termination is in the children's "best interests." The primary beneficiary of the "best interest" determination is the child, *Trejo*, at 356, and when the child's best interests are clearly served by the termination of rights, the fact that they are then living with a relative does not in every instance undermine that determination.



I, Corbin R. Davis, Clerk of the Michigan Supreme Court, certify that the foregoing is a true and complete copy of the order entered at the direction of the Court.

January 27, 2012

_____
Clerk

t0125